# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN NAIGAN,<br><br>　　　　　　Plaintiff,<br>　vs.<br>NANA SERVICES, LLC,<br><br>　　　　　　Defendant. | CASE NO. 12cv2648-LAB (NLS)<br><br>**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE** |

Plaintiff Evelyn Naigan brought claims arising out of her employment for Defendant Nana Services, LLC, which provided mess hall services at the Marine Corps Air Station Miramar (MCAS Miramar). Her claims all arose under California law, and the complaint identified diversity as the basis for the exercise of jurisdiction.

Because the complaint didn't include sufficient allegations to show that the parties were diverse, the Court issued an order to show cause, requiring Naigan to establish this. She filed a response, which the Court agrees shows the parties are diverse. The order to show cause is therefore **DISCHARGED**.

Having determined there is jurisdiction over Naigan's claims, the Court now turns to the motion before it, Nana's motion to dismiss. Nana filed a motion to dismiss the complaint because, it argued, MCAS Miramar is a federal enclave and the state laws Naigan relies on have no force there, pursuant to the federal enclave doctrine. In support of the motion, Nana asks the Court to take notice that MCAS Miramar became a federal enclave no later than

July 17, 1943. Naigan does not object to the Court's taking notice of this fact, and in fact concedes MCAS Miramar was established as a federal enclave no later than July 17, 1943. The Court therefore takes notice of this fact pursuant to Fed. R. Evid. 201.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *See Navarro v.* Block, 250 F.3d 729, 732 (9th Cir. 2001). A complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)[1]. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555. In deciding a motion to dismiss, the court accepts all factual allegations in the complaint as true, and draws all reasonable inferences in favor of the nonmoving party. *Al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir.2009) (citations omitted). Nevertheless, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition to the pleaded facts, the Court may consider facts of which it has taken judicial notice. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012).

Under the federal enclave doctrine, federal jurisdiction over the newly-acquired land becomes exclusive. State law has effect in the enclave only if it was enacted before the land became a federal enclave (and assuming it is consistent with federal law), unless Congress has authorized the state to exercise authority (such as by enacting an assimilative statute) or powers are reserved to the state at the time of the transfer. *See Paul v. United States*, 371 U.S. 245, 264, 268 (1963); *Goodyear Atomic Corp.*, 486 U.S. 174, 181 n.1, 186 (1988). Nana cites to authority showing that all the statutes Naigan relies on were enacted after MCAS Miramar became a federal enclave, and that the court-recognized causes of action were likewise first recognized after that time. Naigan does not dispute any of this, nor does she argue that any of the identified exceptions apply.

---

[1] Nana cites the old "any set of facts" standard recognized in *Conley v. Gibson*, 355 U.S. 41 (1957) and repeated in many pre-*Twombly* decisions. But *Twombly* expressly disapproved that standard and announced this one, which the Court therefore applies.

Instead, Naigan argues that the federal enclave doctrine does not apply in this case, because some of the alleged actions Nana took that formed part of her claim occurred elsewhere. Specifically, she argues that Nana made decisions and initiated communications at its headquarters in Anchorage, Alaska. (Opp'n to Mot. to Dismiss, 3:22–6:16.) Therefore, she argues, California law still governs her claims.

This is wrong for two reasons. First, the other actions took place in Alaska, not California, and they were aimed at the federal enclave. She has not alleged Nana did anything of consequence in California outside of MCAS Miramar. The only events that potentially took place off-base in California were that Naigan sent letters and made phone calls off-base. Naigan received some phone calls off-base, but they only related to her claims tangentially; she has not alleged that any of them gave rise to any of her claims even in part. The application of state law to claims that did not arise within California's jurisdiction creates a due process problem. *See Wang v. OCZ Tech. Group, Inc.*, 276 F.R.D. 618, 629 and n.64 (N.D.Cal., 2011). California law itself also "embodies a presumption against the extraterritorial application of its statutes." *Id*. at 629 and n.65 (quoting *Churchill Village, L.L.C. v. Gen'l Elec. Co.*, 169 F. Supp. 2d 1119, 1126 (N.D.Cal., 2000)) (further citations omitted).

Second, applying California law here would undermine the purpose of the federal enclave doctrine, which is to preserve exclusive federal jurisdiction over federal enclaves, as provided under U.S. Const. art. 1, § 8 cl. 17. Exclusive jurisdiction "assumes the absence of any interference with the exercise of the functions of the Federal Government and . . . debar[s] the State from exercising any legislative authority, including its taxing and police power, in relation to the property and activities of individuals and corporations within the territory." *Silas Mason Co. v. Tax Comm'n of Wash*., 302 U.S. 186, 197 (1937). In other words, neither California law nor Alaska law can be applied "in relation to" allegedly wrongful events and activities occurring within MCAS Miramar. *See Klausner v. Lucas Film Entertainment Co., Ltd.*, 2010 WL 1038228, at *4 (N.D.Cal., Mar. 19, 2010) (citing authority / / /

1 for the principle that, in determining whether to apply the federal enclave doctrine, courts look to the location where the relevant events occurred).

Nana raises other defenses to Naigan's state-law claims, but the Court need not reach these, because it is clear those claims must be dismissed.

Naigan does, however, argue that, if given the opportunity, she could successfully allege valid claims for disparate treatment and for retaliation under Title VII. Nana's reply argues she cannot do so because Nana, a wholly-owned affiliate of an Alaska Native Corporation, is exempt from Title VII, and also because her claims would be time-barred because she never received a right-to-sue letter. Naigan, of course, has had no opportunity to address any of these contentions.

It is possible, even if unlikely, that Naigan has a right-to-sue letter, or that she is otherwise authorized to sue. Her response to the OSC shows she thinks Nana is a subsidiary of a subsidiary of the Nana Development Corporation, which she thinks is "an Alaska corporation" headquartered in Anchorage, Alaska. (Response to OSC, 4:10–13.) She has provided some evidence in support of her belief that Nana Development Corporation is a "business corporation." (McDermott Decl. in Supp. of Response to OSC, ¶ 4.) It may be that she is wrong and Nana is right, but at this stage of litigation, the Court is required to grant leave to amend unless it is "absolutely clear" she cannot cure these deficiencies by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

The Complaint is therefore **DISMISSED WITHOUT PREJUDICE,** and **WITH LEAVE TO AMEND**. Naigan may file an amended complaint, bringing only claims arising under federal law, no later than **21 calendar days from the date this order is entered.** If she does not believe she can successfully amend, she is requested to file a notice of dismissal. If she does not amend within the time permitted, this action will be dismissed with prejudice.

**IT IS SO ORDERED**.

DATED:  September 16, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge