1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN NAIGAN, | Case No. 12-cv-2648 BAS (NLS) |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| NANA SERVICES, LLC, | |
| Defendant. | |

Plaintiff Evelyn Naigan's First Amended Complaint alleges three claims against Defendant NANA Services, LLC for violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000(e). Doc. 11. Defendant has filed a Motion to Dismiss for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6).

Because Plaintiff has not alleged facts showing that this action commenced within the ninety (90) days after the issuance of a Right to Sue letter, the Court cannot exercise jurisdiction over the matter. Consequently, Defendant's motion to dismiss is **GRANTED**.

1

2        I.      **LEGAL STANDARD**

3        A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

4   Procedure tests the legal sufficiency of the claims asserted in the complaint.  Fed.

5   R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001).  The

6   court must accept all factual allegations pleaded in the complaint as true and must

7   construe them and draw all reasonable inferences from them in favor of the

8   nonmoving party.  *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir.

9   1996).  To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed

10  factual allegations, rather, it must plead "enough facts to state a claim to relief that

11  is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A

12  claim has "facial plausibility when the plaintiff pleads factual content that allows

13  the court to draw the reasonable inference that the defendant is liable for the

14  misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*,

15  550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent

16  with' a defendant's liability, it stops short of the line between possibility and

17  plausibility of 'entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

18  550 U.S. at 557).

19       "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

20  relief' requires more than labels and conclusions, and a formulaic recitation of the

21  elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (quoting

22  *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alteration in original).  A court need

23  not accept "legal conclusions" as true.  *Iqbal*, 556 U.S. at 678.  Despite the

24  deference the court must pay to the plaintiff's allegations, it is not proper for the

25  court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged

26  or that defendants have violated the . . . laws in ways that have not been alleged."

27  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459

28  U.S. 519, 526 (1983).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on other grounds). Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions. *Id.* It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

As a general rule, a court freely grants leave to amend a complaint which has been dismissed. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## II.    DISCUSSION

Defendant, in its Motion to Dismiss, makes a statute of limitations challenge to Plaintiff's First Amended Complaint. Specifically, Defendant argues Plaintiff failed to file her Complaint within the ninety day statutory limitation imposed by Title VII. 42 USC 2000e–5(f)(1).

When the Equal Employment Opportunity Commission dismisses a claim, it must notify the claimant and inform her she has 90 days to bring a civil suit. *Id.* This 90-day period constitutes a statute of limitations. *Scholar v. Pacific Bell*, 963 F.2d 264, 267 (9th Cir. 1992).

Even assuming all factual allegations are true in the First Amended Complaint, Plaintiff has not alleged facts showing her action commenced within the time frame required. Instead, Plaintiff claims the complaint is "timely" without

providing either the date of dismissal or the date the right-to-sue letter was sent. Compl. ¶ 6.  The Complaint is even arguably ambiguous as to whether Plaintiff even received a right-to-sue letter.  This conclusory language without alleging any supporting facts fails to meet the pleading standard required under *Twombly*.

To provide the Court jurisdiction, Plaintiff must include, at minimum, the date the "right-to-sue" letter was postmarked, as well as facts supporting tolling or delaying commencement of the ninety-day period.  *Scholar*, *supra* at 267, *see also Riley v. Delaware River & Bay Auth.*, 457 F. Supp. 2d 505 (D. Del. 2006) (curing defect in pleading statute of limitation by including right-to-sue letter as exhibit in opposition to motion to dismiss).  Accordingly, Plaintiff's First Amended Complaint is **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**.  Plaintiff may file an amended complaint no later than **21 calendar days from the date this order is filed**.

IT IS SO ORDERED.

DATED:  June 23, 2014

Hon. Cynthia Bashant
United States District Judge