UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN NAIGAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANA SERVICES, LLC,<br><br>　　　　　Defendant. | Case No. 12-cv-2648 BAS (NLS)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF 25]** |

　　　　Plaintiff Evelyn Naigan's Second Amended Complaint ("SAC") alleges three claims against Defendant NANA Services, LLC for violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000(e) *et seq.* ("Title VII"). ECF 19. Defendant has filed a Motion to Dismiss for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6). ECF 25.

　　　　Because Plaintiff alleges she did not receive her Right to Sue letter until April 15, 2013, her claims are not time-barred. Further, Defendant is an "employer" for purposes of Title VII and therefore subject to suit under it. Consequently, Defendant's motion to dismiss is **DENIED**.

## I. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alteration in original). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Generally, courts may not consider material outside the complaint when

ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statutes on other grounds). Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions. *Id.* It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

As a general rule, a court freely grants leave to amend a complaint which has been dismissed. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## II. DISCUSSION

### a. Right to Sue Letter

Defendant, in its Motion to Dismiss, makes a statute of limitations challenge to Plaintiff's Second Amended Complaint. Specifically, Defendant argues Plaintiff failed to file her Complaint within the ninety day statutory limitation imposed by Title VII. 42 USC 2000e–5(f)(1).

While Plaintiff did not file her initial Complaint in this matter until November 1, 2012, nearly six months after her claim was denied on April 4, 2012, she avers that she "never received the Dismissal and Notice of Rights from the EEOC", that she "checks her mail every day", and that only after "multiple inquiries" by her counsel did she obtain a copy of the Right to Sue letter. SAC ¶¶ 8–9. While the "mailbox rule" creates a rebuttable presumption that any letter mailed is received after three days, "[e]vidence of non-receipt can be used to establish that the notice was never mailed." *Custer v. Murphy Oil USA, Inc.*, 503

1 F.3d 415, 420 (5th Cir. 2007) (quoted by *Duron v. Albertson's LLC*, 560 F.3d 288, 291 (5th Cir. 2009)).

Here, Plaintiff and her counsel's repeated inquiries and evidence she checked her mail daily rebut the presumption that the Right to Sue letter was received. Therefore the Court tolls the effective date the letter was received until April 15, 2013. SAC ¶ 9.

### b. Title VII

Defendant also argues it is not an "employer" covered under Title VII, which prohibits employer discrimination. If Defendant's reading were correct, Defendant would be immune to this suit. Defendant is not immune.

Title VII excepts Alaska Native Corporations and their subsidiaries from its prohibition on discrimination, but NANA is neither an Alaska Native Corporation nor an excepted subsidiary. 43 U.S.C. 1626(g). Instead, NANA Services, LLC is a subsidiary of Akima, LLC, an Alaskan limited liability company. Decl. Jeffrey Hills ¶ 3, ECF 8. Akima, LLC is also not a subsidiary of an Alaska Native Corporation; it is a subsidiary of NANA Development Corporation, which is an Alaskan corporation. *Id.* at ¶ 4. NANA Development Corporation is, in fact, a subsidiary of the Alaska Native Corporation NANA Regional Corporation. *Id.* at ¶ 6.

As the Supreme Court has stated, a "corporate parent which owns the shares of a subsidiary does not, for that reason alone, own or have legal title to the assets of the subsidiary; and, it follows with even greater force, the parent does not own or have legal title to the subsidiaries of the subsidiary." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 475 (2003). And, in 43 U.S.C. § 1626(g)'s plain terms, Title VII only excepts "Native Corporations" and "corporations, partnerships, joint ventures, trusts, or affiliates in which the Native Corporation owns not less than 25 per centum of the equity" from its definition of "employer."

Neither exception includes Defendant. NANA Services, LLC is a subsidiary

of a subsidiary of a subsidiary, and extending Title VII's exemptions to such a tenuous relationship "contravene[es] the purposes of both the [Alaska Native Claims Settlement Act] and Title VII." *Fox v. Portico Reality Servs. Office*, 739 F. Supp. 2d 912, 917 (E.D. Va. 2010). Therefore the Court finds Defendant an "employer" under Title VII.

### III.  CONCLUSION

Because Plaintiff's claims are not time-barred and because Defendant is an "employer" under Title VII, Defendant's motion to dismiss is **DENIED**. Defendant is held to answer within 21 days of this Order.

**IT IS SO ORDERED.**

Dated:  January 21, 2015

Hon. Cynthia Bashant
United States District Judge